Brockenbrough, J.
If the circuit court was correct in holding that the count}? court erred in refusing to continue the cause till the next term, yet that court itself erred in rendering a final judgment for the defendants, instead of sending the cause back to the county court for another trial. There was, certainly, no other error apparent in the record of the proceedings of the county court. It simply sets forth a notice, that a judgment would be moved for against the defendants, for money which had been paid by the plaintiff as surety for their intestate; which notice had been served on the defendants ; and they appeared to defend the motion. The evidence is not spread on the record; nor is there any thing in it to shew that the defendants objected to the evidence adduced in support of the motion. Judgment was rendered for the plaintiff; and the appellate court was bound, under such circumstances, to presume that there was competent and sufficient evidence of the claim.
The only question, then, was whether the county court erred in refusing to continue the cause ? And I am of opinion that it did not. The only ground alleged for the continuance was, that the defendants had qualified as administrators only some seven or eight months before the motion was made; that they had not settled their administration accounts, not having had time to do so; and that they desired to defend themselves by shewing that there were no assets in their hands, to which the plaintiff was entitled in a due course of administration. I presume this motion for a continuance was founded on Chisholm v. Anthony, 1 Hen. & Munf. 27. in which *4 the administrator, having pleaded payment at the November term, moved the court for leave to plead the additional plea of fully administered at the succeeding March term, and to continue the cause. The county comt rejected the plea; and this court said, the county court erred in not permitting the defendant to amend his plea, by pleading_/i¿% administered, according to his motion. It is to be observed, that this court did not place the reversal on the ground, that the county court erroneously refused to continue the cause, but that it precluded the defendant from making a defence to which by the law of the land he was entitled. In the case at bar, the defendants tendered no plea alleging a full administration ; or that there were outstanding debts of superiour dignity,, and no assets beyond them to pay the plaintiff’s demand; or any defence of the kind: this case, therefore, is not like Chisholm v. Anthony. The defendants here did not even suggest, much less offer to make affidavit, that there were no assets in their hands to satisfy the claim; they merely stated, that they desired to defend themselves on that ground, without the exhibition of any plea or proof to that effect: they did not even produce their inventory and appraisement, or any list or statement of debts of superiour dignity due from their intestate, by which to render it probable, that any injury would result to them from the rendition of a judgment againt them as administrators. Indeed, by the very terms of the statute, 1 Rev. Code, ch. 104. § 36. they were exempted from liability beyond the assets, even if another suit had been thereafter brought against them on their administration bond. There being then no cause shewn for a continuance, the county court acted rightly, in the exercise of a sound discretion, to refuse it.
The judgment of the circuit court should, therefore, be reversed, and that of the county court affirmed.
*5 Brooke, J.
I am of the same opinion. The recent grant of administration to the defendants was not, of itself, good reason for a continuance of the motion. Nor was the suggestion that they had not had time to ascertain the state of the assets, without pretending that the condition of the estate presented any obstacle to their ascertaining the state of them, any sufficient ground for the continuance they asked. However inclined courts of justice ought to be, to give all reasonable indulgence to executors and administrators, I do not think the county court erred in refusing the continuance in this case. But if that was an error in the proceedings of the county court, yet, surely, the circuit court erred, in not only reversing the judgment of the county court, but entering final judgment for Powell’s administrators instead of sending the cause back for a new trial of the motion.
Tucker, P.
That the judgment of the circuit court is erroneous, is palpable; for even if the county court erred, the judgment of reversal should have been followed by an order sending the cause back to the county court to be further proceeded in.
But the county court did not err. However indulgent to executors the courts have always been, yet, in justice to suitors, some caution should be observed in continuances which may rob the plaintiff of a just debt, and sweep away the assets, by enabling the executor in the meantime to confess judgments in afterbrought actions. While, therefore, it will not be denied, that an executor may be entitled to a continuance, if he can shew good cause for bis inability to support his plea of fully administered, and will not be forced, to trial merely because he may make defence in a future action, yet I do not think a creditor is bound to wait until the executor has had his administration account settled under an ex parte order of the court of probate, or in the regular *6 course of a suit in equity. If he is full handed with “ the materials for his defence, a court of law is competent to try it; if he is not, he should shew that fact by affidavit, and give satisfactory reasons why he is not. jjere nothing of the kind appeared, and the county court, therefore, properly rejected the motion for the continuance.
Judgment of the circuit court reversed with costs, and that of the county court affirmed.